**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ALICE CAROLINE FISHER, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MARK MARLIN FISHER, et al., )<br>)<br>Defendants. ) | Case No. 1:09 CV 150 LMB |

## ORDER

Currently pending before the court is plaintiffs' Motion to Amend Case Management Order. (Document Number 33). Defendants have filed Defendants' Suggestions in Opposition to Plaintiffs' Motion to Amend Case Management Order. (Doc. No. 34). Also pending is plaintiffs' Motion to Compel Production of Documents, to which defendants have filed Suggestions in Opposition. (Docs. No. 35, 36).

In their Motion to Amend Case Management Order, plaintiffs contend that the medical condition of Alice M. Fisher during the several years prior to her death on December 1, 2008 is a key issue in this case. Plaintiffs state that they have requested that defendants' counsel secure their clients' signatures on a medical records authorization to enable plaintiffs to obtain the medical records of Alice M. Fisher, but defendants have objected to executing such an authorization. Plaintiffs contend that, because they have been unable to obtain an authorization for Mrs. Fisher's medical records, they will be forced to schedule custodian of records depositions for the various medical providers in Missouri and Arizona. Plaintiffs further state that, upon serving one such provider's custodian of records with a deposition subpoena, plaintiffs received a

response demanding a court order outlining the Protected Health Information (PHI) to be released. Plaintiffs indicate that it will take approximately 60 days to take those depositions and obtain the necessary records. Plaintiffs note that, depending on the content of the records, plaintiffs may need to retain an expert witness to testify as to the meaning of the records and Mrs. Fisher's physical and mental condition. Plaintiffs thus request that the court modify the Case Management Order to provide an additional 60 days to obtain Mrs. Fisher's medical records and 30 days thereafter to disclose any expert witnesses, and provide defendants additional time thereafter to disclose any expert witnesses. Plaintiffs further request that the court enter an order for disclosure of medical records pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Plaintiffs have attached a proposed order for disclosure of medical records.

As stated above, defendants have filed Suggestions in Opposition to Plaintiffs' Motion to Amend Case Management Order. Defendants argue that plaintiffs' motion to amend the case management order should be denied because plaintiffs have failed to pursue their own case through available discovery methods. Defendants contend that plaintiffs have not demonstrated the requisite good cause for modification of the Case Management Order. Defendants further state that they have been unwilling to execute authorizations for the medical records of Alice M. Fisher because the authorizations proposed by plaintiffs are grossly overbroad.

The medical condition of Alice M. Fisher during the period prior to her death is a key issue in this case and plaintiffs have attempted to obtain authorizations from defendants to obtain Mrs. Fisher's medical records. As such, plaintiffs have demonstrated good cause for amending the Case Management Order. Thus, the court will grant plaintiffs' Motion to Amend Case

Management Order and will provide an additional 60 days for plaintiffs to obtain Mrs. Fisher's medical records, an additional 30 days thereafter to disclose any expert witnesses, and will provide defendants an additional 30 days from plaintiff's deadline to disclose expert witnesses for defendants to disclose any expert witnesses. Because of the changes to the Case Management Order, this matter will be removed from the trial docket for March 7, 2011, to be reset.

As previously stated, plaintiffs have also filed a Motion to Compel Production of Documents, to which defendants have filed Suggestions in Opposition. In their motion to compel, plaintiffs request that the court compel defendants to produce requested financial documents. Defendants contend that they have provided the bulk of the financial information that plaintiffs seek.

A hearing on plaintiffs' Motion to Compel Production of Documents will be held on October 28, 2010 at 11:00 a.m.

Defendants have objected to the proposed order offered by plaintiffs for the disclosure of the medical records of Alice M. Fisher on the basis that it is too broad. As the court reads the proposed order, it would cover any and all records of Alice M. Fisher during her lifetime of January 17, 1928 through December 1, 2008, which would appear to be too broad. Perhaps before the October 28, 2010 hearing on plaintiffs' motion to compel, the parties may be able to agree on a reasonable and properly limited order to obtain the medical records of Alice M. Fisher.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Amend Case Management Order (Doc. No. 33) be and it is **granted**.

**IT IS FURTHER ORDERED** that the Case Management Order shall be amended as follows: plaintiffs shall have until December 13, 2010 to obtain Mrs. Fisher's medical records; plaintiffs shall have until January 12, 2011 to disclose any expert witnesses; and defendants shall have until February 11, 2011 to disclose any expert witnesses.

**IT IS FURTHER ORDERED** that the above-captioned matter, Cause Number 1:09CV150LMB, be removed from the trial docket for March 7, 2011, to be reset.

**IT IS FINALLY ORDERED** that a hearing on plaintiffs' Motion to Compel Production of Documents (Doc. No. 35) be held on **October 28, 2010 at 11:00 a.m.**

Dated this __14th__ day of October, 2010.

                                                      LEWIS M. BLANTON
                                                     UNITED STATES MAGISTRATE JUDGE